**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:17-cr-00061-APG-CWH |
| v. | ) **ORDER** |
| KELLY LUANNE SCHAIBLE, | ) |
| Defendant. | ) |

Pending before the Court is the United States' Motion for Interlocutory Sale (ECF No. 23), filed October 16, 2017, Defendant Kelly Luanne Schaible's Response (ECF No. 26), filed November 6, 2017, and the United States' Reply (ECF No. 27), filed November 13, 2017.

On February 22, 2017, Schaible was indicted for selling generic Botox drugs online without a prescription. (Indictment (ECF No. 1).) The indictment seeks the criminal forfeiture of several assets owned by Kelly Schaible, including a 2007 Lexus Model GX470 and a 1998 Baja Boat and Trailer because those assets were deemed to be proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343 (mail and wire fraud) as well as multiple violations of 21 U.S.C. §§ 331(a) and 333(a)(2) (misbranded drugs and devices), and are forfeitable under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p). *Id.*

The United States advises that the assets have been in the custody of the United States Marshals Service since March 31, 2014. The United States Marshals Service for the District of Nevada is responsible for the maintenance and storage of assets that are under legal process and that responsibility continues until the date of disposition of those assets by Court order. The Marshals Service reports that it has expended the following approximate amounts in storage costs

on the property:

    2007 Lexus: $14,729.75 (Fair Market Value: $14,150.00)

    1998 Boat and Trailer: $19,756.00 (Fair Market Value: $15,185.00)

The Marshals Service reports that it continues to spend approximately $360.00 a month to store the Lexus and approximately $496.00 per month to store the boat and trailer. Because the United States has expended more money in storage than the property is worth, it moves to conduct an interlocutory sale to stop further expenditures.

    The parties agree that the Court has the authority to issue the Interlocutory Order of Sale. Indeed, "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). Pursuant to Rule G(7), Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, "the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause."

    Here, the United States moves for the sale based upon subsections (A) and (B) of Rule G(7). Schaible argues that depreciation or deterioration of the property is the government's fault because of the unreasonable length of time it took to bring the indictment in this case (from the seizure in 2014 until the filing of the indictment). The Court has reviewed the indictment, which alleges a complicated mail fraud scheme over a significant period of time, and determines that the period of time to conduct an investigation was not unreasonable. Nevertheless, because no evidence of deterioration is provided, and the Court agrees that a sale is not justified under subsection (A).

    Based upon the Government's representations, under subsection (B), the expense of keeping the property has been, and will continue to be disproportionate to its fair market value. Schaible argues that there is insufficient evidence to support the determination of the fair market value of the

2

assets, but in its reply, the United States provides sufficient and reliable evidence to satisfy the Court of reasonable value. Schaible does not assert any sentimental or other unique, non-monetary interest in the property that would make its liquidation inappropriate. Schaible also argues that the storage costs could be lower, but the Court is persuaded that the cost of keeping the property has already exceeded its fair market value. Cheaper storage rates in the future will not change that conclusion. Finally, Schaible argues that the trial is scheduled to occur in February 5, 2018, and the remaining costs will be limited. This argument assumes that there will be no continuances of the trial date – a proposition which the Court rejects. Trial dates are often continued. Moreover, the United States correctly notes that the statute authorizing the sale does not contain a time frame for the Court to act on applications for sales.

Accordingly, IT IS ORDERED the Motion for Interlocutory Sale (Doc. 23) is GRANTED.

DATED: November 22, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**